IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUHAMMED GUNAYDIN and DELVIS TAVAREZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>Yzer, LLC,<br>　　　　　　　　　Defendant. | No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1. Plaintiffs Muhammed Gunaydin and Delvis Tavarez, through undersigned counsel, file this Class and Collective Action Complaint against Defendant Yzer, LLC, ("Yzer") seeking all available relief under the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq.* ("NJWPL"), the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq*. ("NJWHL"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiffs and others performed pharmaceutical and other deliveries for Yzer. Although they were labelled as "independent contractors" of Yzer, the drivers are actually "employees" of Yzer as that term is defined in New Jersey's wage laws and the FLSA. As a result of this misclassification, Plaintiffs and other drivers have been denied full payment of wages, including overtime and minimum wage.

**THE PARTIES**

3. Plaintiff Muhammed Gunaydin is an adult resident of Beverly, New Jersey. He worked performing delivery services for Yzer in New Jersey from approximately April 2021 to May 2022.

1

4. Plaintiff Delvis Tavarez is an adult resident of Lyndhurst, New Jersey. He worked performing delivery services for Yzer in New Jersey from approximately December 2021 to approximately November 2024.

5. Plaintiffs bring this action on his own behalf and on behalf of a class of similarly situated individuals comprised of all other persons who have worked for Yzer as delivery drivers in the State of New Jersey at any time during the applicable limitations period and who have been classified as independent contractors.

6. Defendant Yzer is a limited liability corporation organized and existing under the laws of Florida.

7. At all times relevant to this action, Defendants have actively and continuously conducted business throughout the State of New Jersey, employing contractor-drivers such as Plaintiffs and the members of the proposed Class in New Jersey.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as the Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, 216(b).

9. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

10. Alternatively, the Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because Yzer is a citizen of Florida (although it conducts substantial business in New Jersey), numerous class members are citizens of the State of New Jersey; and

based on information and belief, without the benefit of discovery, the amount in controversy exceeds $5,000,000.

11. Venue is proper under 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Plaintiffs are residents of New Jersey and both Plaintiffs picked up products and performed deliveries throughout the State of New Jersey.

## FACTS

12. Defendant operates a last-mile delivery service specializing in delivery of prescription drugs and other products from warehouses to retail pharmacies, hospitals, and long-term care facilities in New Jersey. During the proposed class period, Defendant employed at least forty delivery drivers in New Jersey who performed this work.

13. Plaintiffs and other drivers pick up products from various warehouse locations in New Jersey and deliver them to pharmacies, hospitals, and long-term care facilities in New Jersey and Pennsylvania.

14. Plaintiffs and other drivers perform this work full-time. The work entails delivering medicines and other commercial products that originated outside of New Jersey, were delivered to Defendant's warehouse locations in New Jersey, and then promptly loaded into Plaintiffs' and class members' vehicles to their final destination while they remain in a continuous stream of interstate commerce. The medicines and other products are not transformed at the warehouse, and are intended to come to rest at a final destination such as a pharmacy.

15. Plaintiffs' and other drivers' primary duty is to operate their vehicles and perform deliveries on behalf of Yzer.

16. Defendant classifies Plaintiffs and all drivers who perform deliveries for the company as independent contractors when, in reality, they are employees of Defendant.

17. While Yzer classified Plaintiffs and Class Members as "independent contractors," the nature of the services that Plaintiffs and Class Members perform and the manner in which they perform these services make it clear that they are actually employees under New Jersey's "ABC" employment test as well as the economic realities test of the FLSA.

18. For example, Yzer requires that the Drivers' services be performed according to certain standards; Yzer requires drivers to obtain certain insurance coverage naming Yzer as an additional insured; and Yzer retains the right to terminate the drivers for unsatisfactory performance.

19. Yzer employs managers who have supervisory responsibilities over Plaintiffs and Class Members and who can assign and direct their work.

20. Plaintiffs and Class Members are required to perform the deliveries within certain assigned timelines each day.

21. Yzer requires Plaintiffs and Class Members to keep a record of all deliveries and Yzer tracks the details of each delivery in its computer system.

22. All Class Members signed a contract when they began working for Yzer that outlined these various requirements.

23. Yzer directly negotiates all prices for Plaintiffs' and Class Members' delivery services with Yzer's customers, and Plaintiffs and Class Members have no control over the amount charged for their services.

24. The work performed by Plaintiffs and Class Members is an integral part of Yzer's business because Yzer is in the business of providing drug delivery services and, according to

Yzer's website, it provides "a world-class delivery experience." Yzer's website also states that Yzer "hire[s], train[s], supervise[s], and hold[s] drivers accountable for delivering a premium, secure level of service every single day."

25. Plaintiffs and Class Members are the drivers performing the exact services that Yzer offers to its customers. Without Plaintiffs and other delivery drivers, Yzer would have no business at all. For this same reason, Plaintiffs and Class Members performed their work within Yzer's usual course of business.

26. Plaintiff's and Class Members' duties do not involve managerial or entrepreneurial skill that affects their opportunity for profit or loss. Plaintiffs and Class Members perform jobs as assigned by Yzer.

27. Plaintiffs and Class Members do not make any significant investments in their work relative to the substantial investment of Yzer.

28. Plaintiffs and Class Members do not operate independently established businesses.

29. Plaintiffs and Class Members are usually paid at a flat rate per route or per delivery job. The amount is determined by Yzer.

30. Plaintiffs and Class Members are required to use their own personal vehicles to complete their deliveries.

31. Plaintiffs and Class Members are required to pay out-of-pocket for work-related expenses such as gasoline, tolls, oil changes, and general vehicle maintenance, which are essential to Yzer's business.

32. As such, Yzer shifted its own operating expenses onto Plaintiffs and Class Members.

33. Defendant never reimbursed Plaintiffs or similarly situated delivery drivers for these work-related expenses.

34. Drivers, including Plaintiffs, frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by state and federal law.

35. In many weeks, drivers have earned less than the federal and state minimum wage because their unreimbursed work expenses lower their wages below the statutory minimum.

36. Yzer has also relied on the independent contractor label to avoid paying overtime compensation of one-and-one-half times drivers' regular rate of pay for hours worked greater than forty (40) hours in a work week and have also failed to reimburse the work-related expenses of Plaintiffs and similarly situated delivery drivers.

37. Plaintiff Gunaydin regularly worked more than forty hours per week delivering products for Yzer in order to meet its delivery requirements. Plaintiff Gunaydin worked five days per week and often worked several hours before and after his scheduled shifts to load and unload his truck.

38. Plaintiff Tavarez worked on average at least forty-five hours per week delivering products for Yzer in order to meet its delivery requirements.

39. Defendant never paid any Drivers an overtime premium for hours worked above 40 hours in a given week.

40. Defendant also regularly made improper deductions from Plaintiff's pay. These deductions from their paychecks further reduced Plaintiff's payrate below the applicable statutory minimum.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this class action on behalf of themselves and a class defined as:

>All individuals who were classified as independent contractors while performing courier services on behalf of Yzer, LLC ("Yzer") in the State of New Jersey during the applicable time period.

42. Plaintiffs and other class members have uniformly been misclassified as independent contractors.

43. Upon information and belief, there are at least 100 drivers meeting the class definition.

44. The Class is so numerous that their individual joinder into a single action is impracticable. Although the exact number of Class Members cannot be properly determined without further discovery, the number and identity of the Class Members can easily be ascertained from Defendant's records.

45. Based on the allegations above, there are questions of law and fact that affect and are common to all Class Members. The central questions of law and fact involved in this action are of a common or general interest.

46. Common legal and factual issues predominate over any questions affecting only individual members of the Class.

47. The claims of the named representative Plaintiffs are typical of the claims of other members of the proposed class. The named Plaintiffs performed the same work and seek the same categories of damages as all putative class members.

48. The proposed Class Representatives have an incentive and are committed to vigorously prosecuting this action because they have actually suffered losses as a result of Defendant's actions.

49. Plaintiffs have retained qualified counsel, experienced in class action practice to represent them in this matter.

50. A class action is the superior method available for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Class Members may be relatively small, in comparison with the expense and burden of individual litigation makes it impracticable for members of the Class to seek redress individually for the wrongful conduct herein alleged.

51. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the court. The prosecution of separate actions would also create the risk of inconsistent rulings, which may be dispositive of the interest of Class Members who are not parties to the adjudication and/or may substantially impede Class Members' ability to protect their interests, and therefore would be contrary to the interest of justice and equity.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs' FLSA claims should proceed as a collective action on behalf of all similarly situated individuals in the United States.

53. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendant did not pay drivers at least the minimum wage for all hours worked and did not provide any overtime premium when delivery drivers worked more than forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## COUNT I

**(Class Claims NJWPL Violations under N.J.S.A §§ 34:11-4.2, 34:11-4.4)**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. As employees, Plaintiffs and Class Members are entitled to the protections of the NJWPL.

56. The NJWPL requires that Plaintiffs and Class Members receive all wages owed. *See* N.J.S.A. § 34:11-4.2.

57. The NJWPL generally prohibits employers, such as Yzer, from making deductions or withholdings from the wages of Plaintiffs and Class Members except for those deductions or withholdings permitted therein. *See* N.J.S.A. § 34:11-4.4.

58. Yzer violated the NJWPL by failing to pay Plaintiffs and Class Members all of their wages due and subjecting them to wage deductions and withholdings that are not specifically permitted by the NJWPL.

59. Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT II

**(Class Claims for Overtime Violations under N.J.S.A § 34:11-56a4)**

60. All previous paragraphs are incorporated as though fully set forth herein.

61. As employees, Plaintiffs and Class Members are entitled to the protections of the NJWHL.

62. Yzer is an employer covered by the NJWHL.

63. The NJWHL provides that employees who work more than forty hours in a workweek shall receive "1 ½ times such employee's regularly hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A § 34:11-56a4.

64. Plaintiffs as well as other Class Members routinely worked in excess of forty hours per week without receiving any overtime compensation.

65. Yzer also fails to accurately track all of the hours that Plaintiffs and Class Members work.

66. Yzer violated N.J.S.A. § 34:11-56a4 by failing to pay Plaintiffs and Class Members overtime premium compensation in various workweeks.

## COUNT III

**(Class Claims for Minimum Wage Violations under N.J.S.A. § 34:11-56a)**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. As employees, Plaintiffs and Class Members are entitled to the protections of the NJWHL.

69. Yzer is an employer covered by the NJWHL.

70. The NJWHL provides that employees shall pay to each of its employees a minimum hourly rate, which has varied from year-to-year. N.J.S.A § 34:11-56a4(a).

71. Yzer failed to compensate Plaintiffs and Class Members at the full rate required by the NJWHL particularly due to the substantial deductions taken from Class Members' pay as well as Yzer's failure to reimburse Plaintiffs and Class Members for all work-related expenses.

## COUNT IV

**(Class Claims for Sick Leave Violations under N.J.S.A. 34:11D-5)**

72. All previous paragraphs are incorporated as though fully set forth herein.

73. As employees, Plaintiffs and Class Members were entitled to at least one hour of earned sick leave for every 30 hours worked under N.J.S.A. § N.J.S.A. 34:11D-2.

74. Plaintiffs as well as other Class Members routinely worked in excess of 30 hours in a year without receiving any earned sick leave.

75. By failing to make available and pay earned sick leave, Yzer violated the NJWHL, N.J.S.A. § 34:11-56a, *et seq*. *See* N.J.S.A. § 34:11D-5.

## COUNT V

**(Collective Claims for Minimum Wage Violations under 29 U.S.C. § 206)**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. As employees, Plaintiffs and future opt-in Plaintiffs are entitled to the protections of the FLSA.

78. Under the FLSA, 29 U.S.C. § 206, employers such as Yzer are required to pay the statutory minimum wage for all hours worked.

79. Yzer willfully violated the minimum wage requirements of the FLSA, 29 U.S.C. § 206, because after accounting for the expenses they the employees paid that were necessary to perform their job, Plaintiffs and future opt-in Plaintiffs earned less than the statutory minimum wage.

80. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT VI

**(Collective Claims for Overtime Violations under 29 U.S.C. § 207)**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. As employees, Plaintiffs and future opt-in Plaintiffs are entitled to the protections of the FLSA.

83. The FLSA requires Yzer to pay an overtime premium of time-and-a-half the drivers' regular hourly rate for all hours worked over forty per workweek. *See* 29 U.S.C. § 207(a)(1).

84. Plaintiffs and future opt-in Plaintiffs routinely worked more than forty hours per week and they were not paid any overtime premium as required by the FLSA.

85. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter the following relief:

A. Certify a class pursuant to Rule 23 and appointing Plaintiffs and their counsel to represent a class of Yzer delivery drivers who have worked in New Jersey;

B. Conditionally certify an FLSA collective and issue notice to similarly situated drivers informing them of their rights to opt-in to this lawsuit;

C. Award compensatory damages, including all expenses and wages owed, including unpaid minimum wage, overtime, and unlawful wage deductions;

D. Award all costs and attorney's fees incurred prosecuting these claims;

E. Award liquidated damages;

F. Award interest and costs;

G. Such other relief as the Court may deem just and appropriate.

January 8, 2025

Respectfully submitted,

MUHAMMED GUNAYDIN and DELVIS TAVARES, individually and on behalf of all others similarly situated,

*s/ Jeremy E. Abay*
Jeremy Abay (NJ Bar No. 083862013)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, NJ 08035
(617) 994-5800
*jabay@llrlaw.com*

Harold L. Lichten (*pro hac vice* forthcoming)
Matthew W. Thomson (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

*hlichten@llrlaw.com*
*mthomson@llrlaw.com*